# In the United States Court of Federal Claims

MARSHALL EUGENE TAYLOR,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 23-cv-1277

Filed: December 8, 2023

*Marshall Eugene Taylor*, Pittsburgh, Pennsylvania, Plaintiff, appearing *pro se*.

*Stephanie A. Fleming*, United States Department of Justice, Civil Division, Washington, D.C.; *Brian M. Boynton*, Principal Deputy Assistant Attorney General, Washington, D.C.; *Patricia M. McCarthy*, Director, Commercial Litigation, Washington, D.C.; and *Corinne A. Niosi*, Assistant Director, Commercial Litigation, Washington, D.C., for Defendant.

### MEMORANDUM AND ORDER

On August 8, 2023, Plaintiff Marshall Eugene Taylor, appearing *pro se*, filed a Complaint against the United States alleging a myriad of claims, including constitutional violations, unjust conviction, judicial and prosecutorial misconduct, and securities fraud. Complaint (ECF No. 1) (Compl.) at 1–2, 4–6. As stated in his Complaint, Plaintiff seeks redress in connection with his conviction and future sentencing in a criminal case pending in federal district court, *United States v. Taylor*, No. 19-303, 2023 WL 5417247 (W.D. Pa. Aug. 22, 2023), involving charges of wire fraud and aggravated identity theft.[1] *See* Compl. at 2–3. Plaintiff requests this Court "make the

---

[1] On September 6, 2023, Plaintiff pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. Defendant's Motions to Dismiss (ECF No. 10) (Mot.) at 1 n.1; *See Taylor*, 2023 WL 5417247, Minute Entry & Letter of Plea Agreement (ECF Nos. 271, 271-1) (summarizing plea hearing proceeding and attaching plea agreement). Plaintiff's sentencing in connection with

1

Court dismiss with prejudice the claim against [him] and to refund 5 million" to his estate and trust. *Id*. at 3.

Defendant moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (Rules). *See* Mot. at 1 (contending this Court lacks subject matter jurisdiction over Plaintiff's claims). For the reasons discussed below, this Court **GRANTS** Defendant's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(h)(3). Further, even assuming *arguendo* that Plaintiff had properly pleaded jurisdictional claims, this Court would nevertheless be required to dismiss his claims pursuant to Rule 12(b)(6) because Plaintiff fails to state a claim upon which relief may be granted.

## BACKGROUND

On September 25, 2019, Plaintiff was federally indicted on three counts of wire fraud and two counts of aggravated identity theft in connection with an alleged scheme to fraudulently obtain lines of credit which Plaintiff used to purchase automobiles from car dealerships. *See Taylor*, 2023 WL 5417247, at *2. According to his Complaint, Plaintiff seeks redress against the United States because the United States Department of Justice purportedly "has monetized security bonds with [a] cusip number trying to make [him] the live flesh and blood man responcible [sic] as surety for this claim [in] this case number 19-303." Compl. at 2. Plaintiff also alleges various constitutional violations in connection with his ongoing criminal case, citing the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Thirteenth Amendments. Compl. at 1, 5–6. For instance, Plaintiff alleges that Defendant "violated the 4th Amendment by putting a GPS tracking device on the under

---

his guilty plea is scheduled for February 1, 2024. *See Taylor*, 2023 WL 5417247, Order (ECF No. 270) (scheduling sentencing as to Marshall Taylor).

body of [his] car." Compl. at 5. In addition to making several complaints about how evidence was collected in his criminal case, Plaintiff also contends that "Judge Reggie B Walton feels he is above the law" and that "the AUSA Jeffery Bengal Feels he is above the law." *Id*. As a remedy, Plaintiff requests this Court dismiss the claims against him and "refund [$]5 million of the bonds" that were "monetized to [his] estate and trust." Compl. at 3.

On September 20, 2023, Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Mot. at 1–2. Specifically, Defendant contends this Court lacks jurisdiction over criminal matters and further lacks jurisdiction to adjudicate Plaintiff's constitutional complaints because the cited Amendments are not money-mandating. Mot. at. 2–3. On October 18, 2023, Plaintiff filed a Response to Defendant's Motion to Dismiss contending that this Court can "hear the claim before them as the court has legal jurisdiction to hear this case . . . ." Plaintiff's Response (ECF No. 13) (Pl. Resp.) at 1. In addition to asserting analogous jurisdictional arguments to those outlined in his Complaint, Plaintiff also further explains his securities fraud allegation, stating that "the DOJ [is] doing securities fraud by taking instruments and monetizing them and giving no consideration in exchange and not reporting these to either the IRS or the Securities and Exchange commission." Pl. Resp. at 3. Plaintiff cites the Securities Act of 1933 ('33 Act), the Securities Exchange Act of 1934 ('34 Act), and the Private Securities Litigation Reform Act of 1995 (PSLRA) as statutory authorizations for jurisdiction over securities fraud cases in federal courts. *Id*. Plaintiff's Response points to Section 27 of the '34 Act as a purported ground "grant[ing] federal district courts exclusive jurisdiction over violations of the Act . . . ." *Id*.

3

**APPLICABLE LEGAL STANDARD**

The Tucker Act vests this Court with jurisdiction over any suit against the United States for money damages "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act serves as a waiver of sovereign immunity for "certain claims for monetary relief against the United States," but it does not create any enforceable right against the United States on its own. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). To establish a right under the Tucker Act that falls within this Court's limited jurisdiction, a plaintiff must identify an independent "money-mandating" source. *Bell v. United States*, 20 F.4th 768, 770 (Fed. Cir. 2021). Specifically, a plaintiff "must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government.'" *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)). Accordingly, this Court's jurisdiction does not extend to "every claim invoking the Constitution, a federal statute, or a regulation." *Id.* at 216.

Additionally, while this Court's limited jurisdiction permits adjudication of monetary claims against the United States, this Court lacks jurisdiction over claims against private parties, non-federal government entities, and federal officials acting in their individual capacities. *United States v. Sherwood*, 312 U.S. 584, 588 (1941); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials.").

Furthermore, the Court of Federal Claims lacks "jurisdiction over criminal matters generally." *Jones v. United States*, 440 F. App'x 916, 918 (Fed Cir. 2011). Accordingly, "[t]o the

extent that [Plaintiff] challenges his conviction, directly or collaterally, this Court lacks jurisdiction over his complaint." *Harris v. United States*, No. 09-154C, 2009 WL 2700207, at *3 (Fed. Cl. Aug. 26, 2009); *see Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001) ("As we stated in *Joshua v. United States,* 17 F.3d 378, 380 (Fed.Cir.1994), 'the Court of Federal Claims does not have jurisdiction to review the decisions of district courts.'"); *Harris*, 2009 WL 2700207, at *3 (quoting 28 U.S.C. § 2255 for the proposition that a prisoner may file a motion in "the court which imposed the sentence") ("This court does not possess jurisdiction to hear cases arising out of criminal violations, including petitions under § 2255 or for writs of habeas corpus.").

This Court must dismiss claims outside its limited subject matter jurisdiction. *See* Rule 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). When deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, this Court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Estes Express Lines*, 739 F.3d at 692; *see also Banks v. United States*, 741 F.3d 1268, 1277 (Fed. Cir. 2014). Similarly, when considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), this Court must "take as true all undisputed facts alleged in the complaint and draw all reasonable inferences based on those allegations." *Vasko v. United States*, 581 F. App'x 894, 897 (Fed. Cir. 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). To withstand dismissal under Rule 12(b)(6), a complaint "must allege facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief." *Acceptance Ins. Cos., Inc. v. United States*, 583 F.3d 849, 853 (Fed. Cir. 2009) (quoting *Twombly*, 550 U.S. at 545, 557).

In considering a motion to dismiss, this Court liberally construes complaints filed by *pro se* litigants because *pro se* complaints, "however inartfully pleaded, must be held to less stringent

5

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). That said, *pro se* plaintiffs must still prove this Court's jurisdiction by a preponderance of the evidence. *See Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). While this Court allows ambiguities in *pro se* filings, it "does not excuse . . . failures" on the merits. *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

## DISCUSSION

Even under the most liberal construction of Plaintiff's Complaint, this Court lacks subject matter jurisdiction over his claims pursuant to Rule 12(b)(1). Additionally, even if Plaintiff had pleaded claims within this Court's subject matter jurisdiction (which, he did not), Plaintiff's Complaint, liberally construed, fails to plausibly demonstrate a claim for relief as required by Rule 12(b)(6). Accordingly, this Court dismisses Plaintiff's constitutional, unjust conviction, judicial and prosecutorial misconduct, and securities fraud claims.

### I. This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Constitutional Claims

Plaintiff's Complaint alleges Defendant violated his constitutional rights under the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Thirteenth Amendments to the Constitution. Compl. at 1, 5–6. The Court, however, lacks jurisdiction over Plaintiff's constitutional claims because none are a "money-mandating" source, as required by the Tucker Act. *See Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (explaining plaintiff must make a non-frivolous allegation that the source of the cause of action may be interpreted as money-mandating). As *pro se* plaintiffs are held to more lenient pleading standards and "are not expected to frame

6

issues with the precision of a common law pleading," this Court liberally construes and addresses Plaintiff's constitutional claims in turn. *Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987).

First, Plaintiff contends that Defendant "violated the 4th Amendment by putting a GPS tracking device on the under body of [his] car" for 30 days. Compl. at 4–5. Plaintiff further asserts that Defendant used an "illegal tracking warrant" in violation of his constitutional rights under the Fourth Amendment. Compl. at 1. It is well established that the Fourth Amendment is not a money-mandating provision of the United States Constitution. *Brown*, 105 F.3d at 623 ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over [] such a violation."). This Court therefore lacks subject matter jurisdiction over Plaintiff's Fourth Amendment claim. *Id*. at 624.

Plaintiff further asserts a Fifth Amendment due process violation based on his allegation that he "submitted [a] GSA bond to the court" in conjunction with his federal criminal case but that the court "still refuse[d] to put the case in honor and discharge the matter." Compl. at 5. Plaintiff requests this Court "refund [$]5 million of the bonds" that were "monetized to [his] estate and trust." Compl. at 3. First, while it is undisputed that the Takings Clause of the Fifth Amendment is a money-mandating source for jurisdictional purposes under the Tucker Act, the Due Process Clause of the Fifth Amendment is not money-mandating. *Jan's Helicopter Serv.*, *Inc. v. F.A.A.,* 525 F.3d 1299, 1309 (Fed. Cir. 2008) ("It is undisputed that the Takings Clause of the Fifth Amendment is a money-mandating source for purposes of Tucker Act jurisdiction."); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act.").

Second, to the extent Plaintiff's reference to a "GSA bond" relates to his criminal conviction, this Court presumes reference to a "GSA bond" and "monetized security bonds" designate property forfeited or otherwise confiscated by the United States as part of Plaintiff's conviction for one count of wire fraud in violation of 18 U.S.C. § 1343.  *See generally Taylor*, 2023 WL 5417247.  It is well-established that property seized by the United States pursuant to federal criminal laws does not constitute a Fifth Amendment Taking for which an owner may be entitled to compensation.  *Acadia Tech., Inc. v. United States*, 458 F.3d. 1327, 1331 (Fed. Cir. 2006) (citing *Bennis v. Michigan*, 516 U.S. 442, 452–53 (1996) ("When property has been seized pursuant to the criminal laws or subjected to *in rem* forfeiture proceedings, such deprivations are not 'takings' for which the owner is entitled to compensation."); *Kaetz v. United States*, 158 Fed. Cl. 422, 430 (2022) (citing *Acadia Tech., Inc.*, 458 F.3d at 1331) (affirming that the Court of Federal Claims does not have subject matter jurisdiction over Fifth Amendment taking claims "when they arise from the government's seizure of property in connection with a criminal matter").

In addition to his Fourth and Fifth Amendment claims, Plaintiff also raises claims under the Sixth, Seventh, Eighth, Ninth, Tenth, and Thirteenth Amendments.  Compl. at 1–2, 5–6.  For instance, Plaintiff requests this Court "convene a Sherriff's [sic] common law jury based on the 7th amendment."  *Id.* at 6.  Plaintiff further asserts Defendant violated his Fifth, Eighth, Ninth, and Thirteenth Amendment rights "by making [him] in fact wear an ankle bracelet for 19 months and take drug test[s] and drug treatment[s], monitoring [his] internet and put[ting] restrictions on [his] ability to get work employment."  *Id.* at 5; *see also id.* at 1.

Plaintiff's arguments are unavailing as a matter of law because these Amendments do not mandate the payment of money when violated.  *Turpin v. United States*, 119 Fed. Cl. 704, 707 (2015) (internal citations omitted) ("[I]t is well established that the Fifth Amendment Due Process

8

Clause and the Sixth Amendment are not money-mandating sources that provide the Court with jurisdiction over a complainant's claims."); *Alston-Bullock v. United States*, 122 Fed. Cl. 38, 44 (2015) (citing *Dupre v. United States*, 229 Ct. Cl. 706, 706 (1981)) ("The Sixth Amendment is not money-mandating and, therefore, jurisdiction to review these claims does not lie in this court."); *Drake v. United States*, 792 F. App'x 916, 920 n.6 (Fed. Cir. 2019) (citing *Sherwood*, 312 U.S. at 587) (noting that the Seventh Amendment "does not confer jurisdiction on the Court of Federal Claims."); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment 'is not a money-mandating provision.'") (internal citations omitted); *Roberson v. United States*, 115 Fed. Cl. 234, 240 (2014) (citing *Royce v. United States*, 1 Cl. Ct. 225, 226 (1982)) ("[T]he Ninth Amendment does not provide for the payment of money damages, and thus this court lacks jurisdiction over plaintiff's claims pursuant to that Amendment."); *Milgroom v. United States*, 651 F. App'x 1001, 1005 (Fed. Cir. 2016) (holding that Tenth Amendment claims are not tied to any money-mandating sources of federal law); *Starnes v. United States*, 162 Fed. Cl. 468, 474 (2022) (citing *Carter v. United States*, 228 Ct. Cl. 898, 900 (1981); *Allen v. United States*, 125 Fed. Cl. 138, 145 (2016); *Gibson v. United States*, 121 Fed. Cl. 215, 217 (2015); *Pleasant-Bey v. United States*, 99 Fed. Cl. 363, 367 (2011); *Johnson v. United States*, 79 Fed. Cl. 769, 774 (2007); *Humphrey v. United States*, 52 Fed. Cl. 593, 598 (2002), *aff'd*, 60 F. App'x 292 (Fed. Cir. 2003)) ("It is well-established that the Thirteenth Amendment does not mandate the payment of money from the United States.").  As noted above, this Court's subject matter jurisdiction is not invoked unless "[the] claim against the United States [is] founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, . . . or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).

In summary, Plaintiff's Complaint failed to identify any money-mandating sources under federal law related to his constitutional claims. As such, this Court lacks subject matter jurisdiction to adjudicate Plaintiff's Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Thirteenth Amendment claims.

## II.     This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Unjust Conviction Claim

Plaintiff also contends he is entitled to relief because "[t]he United States via the US Department of Justice brought a claim . . . and has monetized security bonds with [a] cusip number trying to make [Plaintiff] the live flesh and blood man responcible [sic] as surety for this claim" and arguing "[t]he Court continues to try and seize me as surety for this claim and distroy [sic] my life for something I had no knowledge of ever happening." Compl. at 2. While this Court has "jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States" under 28 U.S.C. § 1495, a claimant must allege that he satisfies the requirements set forth in 28 U.S.C. § 2513 to establish this Court's subject matter jurisdiction over an unjust conviction claim. *Francis v. United States*, No. 2022-1188, 2022 WL 1655689, at *1 (Fed. Cir. Jan. 26, 2022) (citing 28 U.S.C. § 2513) ("[Plaintiff] could not invoke the [Court of Federal Claims'] jurisdiction to award money damages for wrongful convictions under 28 U.S.C. § 1495 without having alleged that her conviction had been reversed or that she had been pardoned."). If a plaintiff fails to prove that his conviction was set aside, as is required to recover money damages from the United States for unjust conviction, this Court must dismiss for lack of subject matter jurisdiction. *See generally Castro v. United States*, 364 F. App'x 619, 620 (Fed. Cir. 2010). Moreover, this Court lacks subject matter jurisdiction under Rules 12(b)(1)

and 12(h)(3) if a plaintiff alleging unjust conviction fails to provide a certificate of innocence as required under 28 U.S.C. § 2513. *See Jackson v. United States*, 162 Fed. Cl. 282, 296–99 (2022).

Specifically, a plaintiff alleging unjust conviction under Section 1495 must demonstrate that:

> (a)(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
>
> (a)(2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory, or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a). In addition, the statute requires that "[p]roof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received." *Id.* § 2513(b). A "certificate of the court" as referenced in subsection 2513(b) is often called a "certificate of innocence." *See, e.g.*, *Humphrey*, 52 Fed. Cl. at 595, *aff'd*, 60 F. App'x 292 (Fed. Cir. 2003). The failure to furnish a certificate of innocence divests this Court of subject matter jurisdiction. *Wood v. United States*, 91 Fed. Cl. 569, 577 (2009) ("Accordingly, this court holds that compliance with § 2513, including submission of a certificate of innocence . . . is a prerequisite for the jurisdiction of the Court of Federal Claims."); *Faircloth v. United States*, No. 21-958C, 2022 WL 908953, at *4 (Fed. Cl. Mar. 29, 2022) (compiling cases) ("[T]he Court finds that a certificate of innocence is a jurisdictional prerequisite under §§ 1495 and 2513.").

In this case, Plaintiff did not provide a certificate of innocence, or allege any facts that may be liberally construed as to reflect that "[his] conviction had been reversed or that [he] had been

11

pardoned." *Francis*, 2022 WL 1655689, at *1.  To the contrary, Plaintiff's Complaint makes clear that his conviction was *not* reversed or set aside.  *See generally* Compl.  Indeed, Plaintiff recently pleaded guilty to wire fraud under 18 U.S.C. § 1343, and is to be sentenced in February 2024.  *See supra* note 1.  Accordingly, Plaintiff does not comply with the requirements of 28 U.S.C. § 2513.  *Sanganza v. United States*, 164 Fed. Cl. 188, 195–97 (2023); *Jackson*, 162 Fed. Cl. at 300–02.  As Plaintiff fails to satisfy this jurisdictional prerequisite, this Court lacks subject matter jurisdiction over Plaintiff's unjust conviction claim.  *See Jackson*, 162 Fed. Cl. at 296–302.

### III.     This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Prosecutorial and Judicial Misconduct Claims

Though not expressly stated, Plaintiff implies that judicial and prosecutorial misconduct are at issue in his Complaint.  Compl. at 5.  Plaintiff contends that individual federal officials involved in his criminal case "[felt they were] above the law."  *Id*.  This Court liberally construes Plaintiff's allegations referencing the Honorable Reggie Barnett Walton of the United States District Court for the District of Columbia and Assistant United States Attorney Jeffery Bengal as judicial and prosecutorial misconduct claims.  This Court lacks jurisdiction over such claims.

It is well established that this Court's limited jurisdiction precludes it from scrutinizing the actions of federal or state law enforcement that are properly adjudicated in the district courts in which they arose.  *Seals-Bey v. United States*, 116 Fed. Cl. 120, 122 (2014) (citing *Zakiya v. United States*, 79 Fed. Cl. 231, 234–35 (2007), *aff'd*, 277 F. App'x 985 (Fed. Cir. 2008) (per curiam)) (finding no jurisdiction over claims of prosecutorial misconduct and purported fabrication of evidence).  Since this Court's limited jurisdiction does not apply to claims against private parties or government employees in their individual capacities, this Court lacks Tucker Act jurisdiction over Plaintiff's alleged misconduct claims.  *Sherwood*, 312 U.S. at 588.

To the extent that Plaintiff's Complaint requests this Court "dismiss with prejudice" his criminal conviction based on suspected procedural errors, such a request falls clearly outside this Court's limited jurisdiction to adjudicate monetary claims against the United States government. *Zakiya*, 79 Fed. Cl. at 234–35, *aff'd*, 277 F. App'x 985 (Fed. Cir. 2008) (per curiam) ("The Court of Federal Claims does not have the power to . . . review in detail the facts surrounding a conviction or imprisonment."). Moreover, this Court does not have subject matter jurisdiction to review the decisions of district courts. *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001).

As this Court is not the proper forum for resolving Plaintiff's suspected procedural errors related to his criminal conviction, this Court lacks subject matter jurisdiction over Plaintiff's request to review his criminal conviction.

### IV. This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Securities Fraud Claim

While Plaintiff's Complaint vaguely references that the United States Department of Justice "monetized security bonds" in connection with his criminal conviction for wire fraud, Plaintiff's Response to Defendant's Motion to Dismiss more specifically asserts a claim based on purported securities fraud.[2] Pl. Resp. at 3; *see also* Compl. at 2. This Court lacks subject matter jurisdiction to adjudicate securities fraud claims. *Stanford v. United States*, 125 Fed. Cl. 570, 574 (2016) ("The [C]ourt [of Federal Claims] does not have jurisdiction to adjudicate the enforcement authority of the SEC nor the decisions of a United States District Court."); *see also Allustiarte*, 256 F.3d at 1352 ("As we stated in *Joshua v. United States,* 17 F.3d 378, 380 (Fed.Cir.1994), 'the

---

[2] Plaintiff did not raise this securities fraud claim in his Complaint and instead raised it in his Response to Defendant's Motion to Dismiss. Pl. Resp. at 3. Accordingly, the Court liberally construes Plaintiff's Complaint to include a securities fraud claim even though it was not explicitly pleaded.

Court of Federal Claims does not have jurisdiction to review the decisions of district courts.'"). To the extent Plaintiff cites other statutory authorities, those authorities fail to confer Tucker Act jurisdiction over securities fraud cases. Pl. Resp. at 3. Accordingly, this Court lacks subject matter jurisdiction over this claim as well.

### V.     Alternatively, Plaintiff Fails to State a Claim

Even if, *arguendo*, Plaintiff had properly pleaded claims within this Court's subject matter jurisdiction, this Court would still be required to dismiss Plaintiff's constitutional, unjust conviction, misconduct, and securities fraud claims for failure to state a claim under Rule 12(b)(6). As discussed above, Plaintiff seeks redress because the United States Department of Justice purportedly "has monetized security bonds with [a] cusip number trying to make [him] the live flesh and blood man responcible [sic] as surety for this claim [in] this case number 19-303." Compl. at 2. Plaintiff contends that the proceeding in connection with his conviction was an attempt to "seize [him] as surety for this claim." *Id*. While a *pro se* litigant is given leniency to allege plausible facts in support of his allegations, the claims must not lack an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31–32 (1992). Here, the above-referenced claims "lack[] an arguable basis either in law or fact" and "embrace[ ] . . . inarguable legal conclusion[s]" and "fanciful factual allegation[s]." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Since Plaintiff fails to plead any facts that would plausibly state a claim for relief, this Court alternatively dismisses Plaintiff's claims for failure to state a claim pursuant to Rule 12(b)(6).

## **CONCLUSION**

For the foregoing reasons, this Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 10) pursuant to Rules 12(b)(1) and 12(h)(3), and alternatively pursuant to Rule 12(b)(6). Plaintiff's Complaint is dismissed without leave to replead. The Clerk of Court is **DIRECTED** to enter Judgment accordingly.

IT IS SO ORDERED.

*Eleni M. Roumel*
ELENI M. ROUMEL
Judge

Dated: December 8, 2023
Washington, D.C.